UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES KRIS PALMER,

                 Petitioner,

v.

UNITED STATES OF AMERICA,

                 Respondent.

**DECISION AND ORDER**
16-CV-302S
03-CR-132S

## I. INTRODUCTION

Presently before this Court is the Motion of *pro se* Petitioner Charles Kris Palmer to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, and his motion to compel release of § 3500 materials. For the reasons discussed below, Petitioner's motions are denied.

## II. BACKGROUND

On July 10, 2003, Petitioner appeared before the Honorable Richard J. Arcara and pleaded guilty to a one-count Information, charging a violation of Title 21, United States Code, Section 846 (conspiracy to distribute 5 grams or more of cocaine base). (See Docket No. 35.)[1] Before accepting Petitioner's waiver of indictment, Judge Arcara informed Petitioner at length about his right to have the allegations heard by a grand jury, the reasons for and importance of a grand jury and indictment, and the workings of the grand jury. Judge Arcara asked several times whether Petitioner understood and gave him an opportunity to ask questions. Petitioner affirmed his understanding and assent to waive indictment. (Docket No. 100-1 at 10-16.)

---

[1] Unless otherwise noted, all docket numbers refer to 03-CR-132.

1

Based on Petitioner's representations, as well as observation of Petitioner's behavior and affect, Judge Arcara found Petitioner's waiver to be knowing, voluntary, and intelligently made. (Id. at 16.) Following a discussion of the terms and the conditions of plea agreement, Judge Arcara accepted Petitioner's guilty plea to the charge contained in the information and adjudged him guilty. (Id. at 16-47.)

On July 13, 2005, Petitioner was sentenced to a term of imprisonment of 93 months to be followed by a term of supervised release of 5 years. Judgment was entered on July 19, 2005. (Docket No. 65.) Petitioner filed no direct appeal, nor did he file a petition for relief under 28 U.S.C. § 2255.

Following Petitioner's release from custody under case number 03-CR-132, he was charged in an indictment (11-CR-202) with additional crimes. On August 13, 2014, the original case (03-CR-132) was transferred from Judge Arcara to this Court and, on December 22, 2014, Petitioner pleaded guilty to Count 1 of Indictment in 11-CR-202, which alleged a violation of Title 21, United States Code, Section 846. On that same date, Petitioner also pleaded guilty before this Court to Charge 1 on the Violation Petition (03-CR-132). (Docket Nos. 88, 89.)

On April 22, 2015, this Court sentenced Petitioner to a term of 12 years imprisonment for his plea of guilty to Count 1 of Indictment 11-CR-202 and a concurrent term of 51 months on his plea to Charge 1 in the Violation Petition for 03-CR-132. (Docket No. 95.) Both judgments were entered on April 29, 2015.

Petitioner filed the present motion to vacate under 28 U.S.C. § 2255 on April 15, 2016, arguing that Judge Arcara erred in waiving indictment on his 2003 conviction and that his counsel was ineffective for failing to object to the error. (Docket No. 97.) The

2

government responded to Petitioner's motion on May 31, 2016. (Docket No. 100.) Thereafter, on July 28, 2016, Petitioner moved to withdraw his § 2255 motion and for an extension of time to file a new § 2255 motion. (Docket No. 103.) He also sought to compel production of "relevant 3500 documentation concerning the corruption and eventual federal indictments" from federal criminal cases involving Darnyl Parker and Paul D. Skinner.[2] (Docket No. 103 at 2.) Petitioner contends, without further detail, that "this documentation will be invaluable in vacating a 1998 conviction involving these officers, which caused him to be sentenced as a career criminal for all his convictions thereafter." (Id.)

### III. DISCUSSION

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."

---

[2] Petitioner cites to the decisions in United States v. Parker, 165 F. Supp. 2d 431 (W.D.N.Y. 2001) and United States v. Acosta, 470 F.3d 132 (2d Cir. 2006), cases involving former Buffalo Police Officers who were convicted of, *inter alia*, conspiracy to violate civil rights under color of law based on "falsification of search warrants, armed robbery of money and property from suspected drug dealers, and repeated use of violent, intimidating tactics against suspects and informants." Acosta, 470 F.3d at 134.

3

Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)). Petitioner bears the burden of proving such a fundamental defect by preponderance of the evidence. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

A court must construe a *pro se* litigant's submissions liberally and interpret such submissions "to raise the strongest arguments that they suggest." Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (internal citation and quotation marks omitted). This principle applies to *pro se* litigants moving pursuant to 28 U.S.C. § 2255. See Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). Still, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

1. Timeliness

Motions made pursuant to § 2255 are subject to "[a] 1-year period of limitation" that runs from the latest of, *inter alia*, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Under Rule 4 of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). A judgment or order is entered under this rule when it is entered on the docket. Fed. R. App. P. 4(b)(6).

4

Here, Petitioner attacks the conviction from a judgment that was entered July 19, 2005.  (See Docket No. 65.)  Accounting for the fourteen-day period to appeal and the one-year statute of limitations, Petitioner's deadline for filing his § 2255 motion was August 3, 2006.  He filed the instant motion on April 15, 2016, nearly ten years after that deadline.  Because the Motion was not brought within one year of the date the judgment of conviction became final, it is not timely under § 2255(f)(1).

With respect to Petitioner's argument that Judge Arcara erred in waiving the indictment and that his counsel was ineffective, the Second Circuit has instructed that a court should not ordinarily dismiss a § 2255 motion without notice and an opportunity for the movant to be heard.  See Acosta v. Artuz, 221 F.3d 117, 124-26 (2d Cir. 2000).  Accordingly, even though although the motion is untimely by nearly ten years, this Court also considers Petitioner's claims on the merits.

2. Waiver of Indictment and Ineffective Assistance of Counsel

The waiver of an indictment, like the taking of a plea, requires a certain formal procedure.  United States v. Macklin, 523 F.2d 193, 196 (2d Cir. 1975).  "[I]t 'must be made in open court,' after defendants have been 'informed of the nature of and the cause for the accusation' and the court is 'satisfied that [they] waive their rights knowingly, intelligently and voluntarily.'"  United States v. Bastian, 770 F.3d 212, 218 (2d Cir. 2014) (quoting United States v. Ferguson, 758 F.2d 843, 850-51 (2d Cir. 1985); citing Fed. R. Crim. P. 7(b)).

Having reviewed the transcript of Judge Arcara's colloquy with Petitioner regarding waiver of indictment, this Court finds no error.  Judge Arcara began by explaining the process and importance that Petitioner fully understood the proceedings:

> It's also important, Mr. Palmer, that you fully understand what your rights are. If at any time during the course of these proceedings there's something you do not understand, you want to ask me a question, you want to consult with your lawyer, you want something more fully explained to you, you're free to do so. You're encouraged to do so. We're in no hurry here. What's important here is not that we get this over with as quickly as possible. What is important is that I'm satisfied that you fully understand what your rights are.

(Docket No. 100-1 at 3.)

Judge Arcara asked whether Petitioner had discussed the waiver of indictment and plea with his attorney, and Petitioner expressed his satisfaction with his attorney's advice and counsel. (Id. at 6.) Judge Arcara then explained Petitioner's right to a grand jury indictment under the Constitution, and the historical reasons behind that right. He set forth the composition of the grand jury, the process by which they meet, and the fact that proceedings are secret to protect the rights of the accused. (Id. at 10-14.) During his explanation, Judge Arcara queried whether Petitioner understood him and informed Petitioner that he could interrupt at any time if there was something he did not understand. (Id. at 13.) Following this explanation, Petitioner expressed that he understood, and that he wished to waive his right to have his charges heard by a grand jury. (Id. 14-15.) Based on these representations, Judge Arcara found that Petitioner had knowingly, voluntarily, and intelligently waived the right. (Id. at 16.)

Petitioner now claims that Judge Arcara erred by failing to follow Federal Rule of Criminal Procedure 7 (b),[3] and because Petitioner was not given the right to waive prosecution by indictment in open court. The transcript, however, directly refutes this argument and instead demonstrates that Plaintiff made his waiver in "open court" and that

---

[3] That rule reads: "Waiving Indictment. An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant--in open court and after being advised of the nature of the charge and of the defendant's rights--waives prosecution by indictment." Fed. R. Crim. P. 7 (b).

Petitioner expressed his understanding of the waiver several times. "[O]pen court declarations 'carry a strong presumption of verity,'" see Lynch v. United States, 309 F. App'x 487, 489 (2d Cir. 2009) (quoting United States v. Maher, 108 F.3d 1513, 1530 (2d Cir.1997)) and may be relied on when assessing a motion to vacate, see Khan v. United States, No. 07 CR. 711 LAP, 2014 WL 2111677, at *7 (S.D.N.Y. Apr. 28, 2014). Accordingly, this Court finds no procedural error in the waiver of indictment.

Petitioner's claim that he was denied the effective assistance of counsel because his attorney did not challenge the waiver of indictment must also be rejected. "A defendant who claims to have been denied effective assistance must show both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." Buck v. Davis, 137 S. Ct. 759, 775, 197 L. Ed. 2d 1 (Feb. 22, 2017) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Having found that there was no error in the Court's waiver proceeding, failure to object cannot be considered a deficient performance and cannot have caused prejudice to Petitioner. Accordingly, there is no basis for an ineffective assistance claim.

3. Motion to Withdraw, to Extend Time, and to Compel

As noted above, Petitioner moved to withdraw his instant § 2255 motion and for an extension of time to file a new § 2255 motion. (Docket No. 103.) He also sought to compel production of "relevant 3500 documentation concerning the corruption and eventual federal indictments" from federal criminal cases involving Darnyl Parker and Paul D. Skinner. (Docket No. 103 at 2.) It appears that Petitioner intends to use such information to seek vacatur of a 1998 conviction that he contends has been subsequently used as a basis to sentence him as a career criminal. (Id.)

7

Where, as here, a private party requests disclosure of grand jury material pursuant to Rule 6 (e)(3)(C)(i), he must sustain "the burden of demonstrating particularized need." United States v. Sells Eng'g, Inc., 463 U.S. 418, 443, 103 S. Ct. 3133, 3148, 77 L. Ed. 2d 743 (1983). To meet this burden, Petitioner must demonstrate that "(a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed. Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir. 1987); see also Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222, 99 S. Ct. 1667, 1675, 60 L. Ed. 2d 156 (1979) (particularized showing required even when grand jury has concluded). This Court is afforded substantial discretion in determining whether grand jury transcripts should be released. See Cullen, 811 F.2d at 715; see also Douglas Oil, 441 U.S. at 223, 99 S. Ct. at 1675.

In this case, Petitioner's unsupported claim that the materials "will be invaluable" in attacking a 20-year-old conviction fails to satisfy his burden of demonstrating particularized need under Rule 6 (e)(3)(C)(i). Moreover, Petitioner does not specify any particular portion of the proceedings for which he seeks disclosure. "The mere contention that a party needs certain transcripts . . . does not justify disclosure." United States v. Abdul-Malik, 903 F. Supp. 550, 552–53 (S.D.N.Y. 1995) (citing Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399-401, 79 S. Ct. 1237, 1240-42, 3 L. Ed. 2d 1323 (1959)). This is especially true since Petitioner fails to set forth any relationship between his § 2255 motion, the materials that he seeks, and the 1998 conviction that he wishes to vacate. Accordingly, the motion to compel is denied.

## IV. CONCLUSION

For the reasons stated above, this Court finds that Petitioner has demonstrated no basis for relief under 28 U.S.C. § 2255. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied in its entirety. Further, his motion for extension of time, as well as his motion to compel, are also denied. Further, for the reasons set forth above, this Court concludes that the Petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore a certificate of appealability shall not be issued. See 28 U.S.C. § 2253 (c)(1)-(2).

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 97) is DENIED.

FURTHER, Petitioner's motion for extension of time and to compel 3500 materials (Docket No. 103) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken in forma pauperis would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 16-CV-302S.

SO ORDERED.

Dated: July 31, 2018
      Buffalo, New York

                                /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                United States District Judge